Received _____ 7/28/16

Clerk, U. S. District Court
Western District of Texas

By _____ am

Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

GUADALUPE DELGADO, Individually and as )
Next Friend of MJS and GAS, Minors, and )
JOSE ANGEL MALDONADO, )
                                )
       Plaintiffs, )
                                  )
vs. )
                                  )
COOPER TIRE & RUBBER COMPANY AND )
FORD MOTOR COMPANY )
                                  )
       Defendants. )

**CIVIL ACTION NO. 1:15-CV-00701-SS**


**JURY DEMANDED**

## ORDER APPROVING SETTLEMENT BETWEEN
## PLAINTIFFS AND DEFENDANT FORD MOTOR COMPANY

On ___July 28___, 2016, came on to be heard the above-styled and numbered action wherein Guadalupe Delgado, Individually and as Next Friend of MJS and GAS, minors, and Jose Angel Maldonado ("Plaintiffs") are Plaintiffs and Ford Motor Company ("Settling Defendant" and together with Plaintiffs, the "Settling Parties") is a Defendant.

The Settling Parties came in person and by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court. The Settling Parties announced to the Court that they had agreed to settle and compromise all issues, claims and causes of action now existing or that may hereafter arise between Plaintiffs and Settling Defendant, Ford Motor Company. The total amount of the settlement is confidential, the terms of which are described in a Confidential Compromise Settlement Agreement, Release and Indemnity Agreement (the "Settlement Agreement"), a copy of which was tendered to the Court for an *in-camera* review but not filed.

It is understood and agreed that Plaintiffs, in consideration for Settling Defendant's agreement to settle this controversy for the sums described in the Settlement Agreement will pay, discharge or indemnify and hold Settling Defendant harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement or other bills and expenses.  It was pointed out to the Court that the Settling Parties have agreed that if this Order Approving Settlement is approved by the Court that neither Plaintiffs nor anyone claiming by, through or under them will be able to recover anything further of and from Ford Motor Company.

It having appeared to the Court that a potential conflict of interest exists between the adult Plaintiff, Guadalupe Delgado, and the minor Plaintiffs, MJS and GAS, in the division of the proceeds of the settlement, the Court has appointed Karson Thompson, a practicing attorney in this District in Texas, duly licensed and in good standing with the State Bar of Texas, as Guardian *Ad Litem* to review the settlement and to advise the Court regarding the settlement on behalf of minors, MJS and GAS; and said Guardian *Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof and has recommended on behalf of MJS and GAS that the Court approve the settlement as described in the Settlement Agreement.

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such Settlement Agreement, with reference to the material facts regarding the automobile accident, and all matters pertaining to the alleged liability of Settling Defendant and the damages to Plaintiffs, as well as the capacity of the Settling Parties to prosecute this action as stated herein.  Upon hearing the evidence, the Court is of the opinion that such Settlement Agreement is in the best interest of Plaintiffs, including specifically MJS and GAS, and that the terms of the Settlement Agreement are in all respects reasonable.

It is understood and agreed by the Plaintiffs that the payment of the monies herein described is in settlement of disputed claims, that Settling Defendant has denied liability and continues to deny liability of whatever nature to the Plaintiffs. It is further understood and agreed that Settling Defendant herein by the Settlement Agreement makes no admission of liability to the Plaintiffs, nor to any other person, firm, corporation or other entity who did not assert a claim or file a lawsuit against Settling Defendant, but rather that Settling Defendant makes this settlement solely to purchase its peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiffs and Settling Defendant, Ford Motor Company have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreement executed by the Plaintiffs is fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interests of MJS and GAS. The Court further finds that the Settling Defendant has given good and valuable consideration to each of the Plaintiffs for the settlement of this lawsuit. The Court hereby further finds that allocation of the sums agreed upon as a compromise settlement figure in this action for minors, MJS and GAS, should be paid as set forth in the Settlement Agreement. The Court finds these distributions for attorney's fees and expenses to be fair and reasonable.

The Court finds that the remainder of the agreed upon settlement amounts, as set forth in the Settlement Agreement between the Settling Parties and the Settlement Distribution Statements submitted to the Court *in-camera,* are to be paid to The Ammons Law Firm, LLP, as Trustee for the Plaintiffs to be distributed to the Plaintiffs in a manner to be agreed upon between the Plaintiffs and their attorneys.

It is ordered by the Court that Plaintiffs' counsel shall hold in trust the full amounts owed to Medicaid/Texas Medicaid & Healthcare Partnership ("TMHP") on behalf of the minor Plaintiffs pending an agreement with TMHP to accept a reduced amount. Once a resolution is reached regarding the amounts owed to TMHP on behalf of the minor Plaintiffs, Plaintiffs' counsel will pay TMHP the agreed upon reduced amounts for the minor Plaintiffs, or the full amount if no reduction can be agreed to, and any balance after the payments to TMHP shall be paid to the Trusts for minor Plaintiffs.

The Court further finds that the amounts are to be paid in full satisfaction of any and all claims arising from this accident which any Plaintiff named herein have or might ever have against Ford Motor Company or its officers, directors, shareholders, owners, agents, servants and employees, parts manufacturers and suppliers, and any "seller" or "manufacturer" of the subject vehicle as such terms are defined in Tex. Civ. Prac. & Rem Code 82.001(3), and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Order Approving Settlement shall fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of any Plaintiff herein named.

It is ordered by the Court that Plaintiffs herein do recover from Ford Motor Company the sums reflected in the Settlement Agreement, which sums are to be paid within 30 days of Ford Motor Company's receipt of a fully executed copy of the Settlement Agreement; and the Court accordingly orders that no execution or other process ever issue against Settling Defendant, Ford Motor Company and that Settling Defendant, Ford Motor Company is fully and finally released.

The Court approves the settlement entered into by the Settling Parties and finds that the claims of Plaintiffs against Settling Defendant, Ford Motor Company should be dismissed with prejudice; and that the Plaintiffs' claims, asserted or which could have been asserted herein against Settling Defendant, Ford Motor Company are fully satisfied in all respects, and that no execution shall ever issue herein.

The Court finds that the terms of the Settlement Agreement provide that the taxable court costs will be paid by the party incurring same.

The Court further finds that the terms of the Settlement Agreement provide that Plaintiffs will pay all fees due to their attorneys from the settlement amount set forth in the Settlement Agreement. Plaintiffs and their attorneys acknowledge and agree that Settling Defendant and the other released parties and entities shall bear no responsibility for payment of Plaintiffs' attorneys' fees.

The Court further finds that the Plaintiffs have agreed that all medical aid, hospital services, doctor services, psychiatric or psychological services, chiropractor services, nursing, drugs, funeral and burial expenses, property damage, worker's compensation, attorney fees (including hourly fees), and Medicare, Medical and hospital liens past, present, and future arising as a result of the underlying accident have been or will be paid or compromised by Plaintiffs. Plaintiffs have further agreed to INDEMNIFY, HOLD HARMLESS, and DEFEND Settling Defendant from any and all such claims, demands, actions, and causes of action of any nature or character and any other claims, demands, actions, and causes of action which may have been or may hereafter be asserted against Settling Defendant by any person, insurer, firm, company, and/or corporation (including, but not limited to, any and all Medicare/Medicaid liens) claiming under any alleged subrogation rights, including, but not limited to property damage, worker's

compensation liens, child support liens or judgments, attorney fees, and/or hospitals' or doctors' liens under the Texas Hospital Lien Law.

The Court further finds that the Plaintiffs have agreed to DEFEND AND INDEMNIFY Settling Defendant from and against any fine, penalty, suit, regulatory, or administrative proceeding resulting from the false or incorrect reporting of information required by Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 and to fulfill whatever obligations required of them under the Medicare Secondary Payer Act as contemplated under Section 1862(b) of the Social Security Act (42 USC Section 1395y(b)(6)) and applicable regulations found at 42 CFR Part 411 and Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007.

It is ORDERED, ADJUDGED, and DECREED that all claims filed or which could have been filed by Guadalupe Delgado, Individually and as Next Friend of MJS and GAS, minors, and Jose Angel Maldonado against Settling Defendant, Ford Motor Company are dismissed with prejudice. All relief requested or which could possibly be requested by any of the Settling Parties which is not herein specifically granted is denied.

It is further ORDERED, ADJUDGED and DECREED that Ford Motor Company pay the amount of $ 4,000.00 to the Guardian *Ad Litem* for fees and expenses related to this matter.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

The Court accordingly ORDERS that no execution or other process shall ever issue against the Defendant and that the Defendant is fully and finally released.

It is ORDERED, ADJUDGED, and DECREED that each party shall bear its own costs of Court.

6

SIGNED the _____28"_____ day of _____July_____, 2016.

_____
UNITED STATES DISTRICT JUDGE

**APPROVED AND AGREED**:

THE AMMONS LAW FIRM, L.L.P.
3700 Montrose Blvd.
Houston, Texas  77006
(713) 523-1606
(713) 523-4159 (fax)

By: _____
      Robert E. Ammons
      State Bar No. 01159820
      E-mail: rob@ammonslaw.com
      April A Strahan
      State Bar No. 24056387
      E-mail: april@ammonslaw.com

ATTORNEYS FOR PLAINTIFFS


KARSON THOMPSON
515 Congress Ave., Suite 1900
Austin, Texas  78701
(512) 900-3218

By: _____
      Karson Thompson
      State Bar No. 24083966
      E-mail:  kthompson@beckredden.com

GUARDIAN AD LITEM FOR MINORS,
MJS AND GAS

THOMPSON, COE, COUSINS & IRONS, L.L.P.
701 Brazos Avenue, Suite 1500
Austin, Texas  78701
512-708-8200
512-708-8777 (fax)

By: _____ /w. permission
      Ronald D. Wamsted
      State Bar No. 20832000
      E-mail: rwamsted@thompsoncoe.com

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY